**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TEODORA J. A.,

Petitioner,

v.

KRISTI NOEM, *Secretary, United States Department of Homeland Security*;

TODD M. LYONS, *Acting Director*, *United States Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

Respondents.

Civil No. 26-370 (JRT/EMB)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

On January 16, 2026, Petitioner Teodora J. A. filed a Petition for a Writ of Habeas Corpus (Docket No. 1), seeking an order enjoining Respondents from transferring Petitioner outside the District of Minnesota and providing declaratory relief that she is subject to detention under 8 U.S.C. § 1226(a). Respondents "acknowledge that the petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and provide no additional legal arguments in their response. (Federal Respondents' Response to Petition for Writ of Habeas Corpus, Jan. 18, 2026, Docket No. 4.)

For the same reasons articulated in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025), the Court concludes that it possesses jurisdiction over this petition; that Petitioner's detention is governed by 8 U.S.C. § 1226, not § 1225(b)(2); and that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226. Accordingly, the Court will grant the petition for a writ of habeas corpus and order that Petitioner receive a bond hearing in accordance with § 1226 **in Minnesota**.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Teodora J.A.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:
   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a);
   b. Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) **in Minnesota** within 7 days of the date of this Order, in which the parties will be allowed to present evidence and argument

about whether Petitioner is a danger to the community and presents a flight risk if not detained;

c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

d. Within 10 days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. If necessary, Respondents are first ordered to **TRANSFER** the Petitioner to Minnesota in advance of her ordered bond hearing.

3. Once Petitioner returns to Minnesota, Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing. Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise, which require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed

destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

DATED: January 19, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge